SUSAN B. LUCE - State Bar No. 120843
DAVID A. BOONE - State Bar No. 74165
LEELA V. MENON -State Bar No. 195435
LAW OFFICES OF DAVID A. BOONE
1611 The Alameda
San Jose, California 95126
Telephone:   (408) 291-6000
Facsimile:    (408) 291-6016

Attorneys for GILMORE E. ERICKSON
and DRESDEN M. ERICKSON

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| GILMORE E. ERICKSON AND | ) RELATED MAIN CASE NO.: 09-52811ASW |
| DRESDEN M. ERICKSON | ) |
| Debtors. | ) RELATED ADV. CASE NO: 09-05330 |
| | ) |
| | ) Date: February 22, 2010 |
| VICTORIA ARREOLA; LYDIA BURCH; | ) Time: 10:00 a.m. |
| YEE-KEONG CHAN; STEVEN R. | ) Place: Room 215 |
| HOFFMAN; DIANA RICE/EXCELLENT | ) |
| EVENTS, LLC; RAMIN SOHEILI, | ) The Honorable Arthur S. Weissbrodt |
| TRUSTEE OF THE ALBORZ 2003 | ) |
| TRUST; STAN SHORE | ) |
| | ) |
| Plaintiffs. | ) |
| vs | ) |
| | ) |
| GILMORE E. ERICKSON AND | ) |
| DRESDEN M. ERICKSON | ) |
| | ) |
| Defendants. | ) |

**ANSWER**

The Defendants, Gilmore E. Erickson and Dresden M. Erickson, by and through their Attorneys, The Law Offices of David A. Boone, answer the Complaint as follows:

1.     Defendants admit the allegations contained in paragraph 1 of the adversary complaint.

Answer to Adversary Complaint

2. Defendants admit the allegations contained in paragraph 2 of the adversary complaint.

3. Defendants deny the allegations contained in paragraph 3 of the adversary complaint.

4. Defendants deny the allegations contained in paragraph 4 of the adversary complaint.

5. Defendants deny the allegations contained in paragraph 5 of the adversary complaint.

6. Defendants deny the allegations contained in paragraph 6 of the adversary complaint.

7. Defendants deny the allegations contained in paragraph 7 of the adversary complaint.

8. Defendants deny the allegations contained in paragraph 8 of the adversary complaint.

9. Defendants deny the allegations contained in paragraph 9 of the adversary complaint.

10. Defendants deny the allegations contained in paragraph 10 of the adversary complaint.

11. Defendants deny the allegations contained in paragraph 11 of the adversary complaint.

12. Defendants deny the allegations contained in paragraph 12 of the adversary complaint.

13. Defendants deny the allegations contained in paragraph 13 of the adversary complaint.

14. Defendants deny the allegations contained in paragraph 14 of the adversary complaint.

15. Defendants admit the allegations contained in paragraph 15 of the adversary complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the adversary complaint and on that basis deny said allegations.

17. Defendants reallege the forgoing paragraphs and incorporate them by reference as if fully said forth herein.

18. Defendants deny the allegations contained in paragraph 18 of the adversary complaint.

19. Defendants deny the allegations contained in paragraph 19 of the adversary complaint.

20. Defendants deny the allegations contained in paragraph 20 of the adversary complaint.

21. Defendants deny the allegations contained in paragraph 21 of the adversary complaint.

22. Defendants deny the allegations contained in paragraph 22 of the adversary complaint.

23. Defendants reallege the forgoing paragraphs and incorporate them by reference as if fully set forth herein.

| | |
|---|---|
| 1 | 24. Defendants deny the allegations contained in paragraph 24 of the adversary complaint. |
| 2 | 25. Defendants deny the allegations contained in paragraph 25 of the adversary complaint. |
| 3 | 26. Defendants deny the allegations contained in paragraph 26 of the adversary complaint. |
| 4 | 27. Defendants deny the allegations contained in paragraph 27 of the adversary complaint. |
| 5 | 28. Defendants deny the allegations contained in paragraph 28 of the adversary complaint. |
| 6 | 29. Defendants deny the allegations contained in paragraph 29 of the adversary complaint. |
| 7 | 30. Defendants deny the allegations contained in paragraph 30 of the adversary complaint. |

WHEREFORE, Defendants pray that if any debt is owed to Plaintiffs, it be deemed dischargeable.

**FIRST AFFIRMATIVE DEFENSE**

As a first, separate and affirmative defense, the answering Defendants allege that the Complaint fails to state a claim against the Defendants upon which relief can be granted in that no subsection of 11 U.S.C. §523 (a)(2) is specifically pled and such subsections are mutually exclusive.

**SECOND AFFIRMATIVE DEFENSE**

As a second, separate and affirmative defense, the answering Defendants allege that the Complaint fails to state a claim against the Defendants upon which relief can be granted in that the circumstances constituting fraud or misrepresentation are not stated with particularity.

**THIRD AFFIRMATIVE DEFENSE**

As a third, separate and affirmative defense, the answering Defendants allege that Plaintiffs' claims are barred as Plaintiffs failed to exercise reasonable and ordinary care, caution or prudence in order to avoid the damages incurred. The resulting damages, if any, sustained by Plaintiffs were proximately caused and contributed to by the negligence of the Plaintiffs.

**FOURTH AFFIRMATIVE DEFENSE**

As a fourth, separate and affirmative defense, the answering Defendants allege

3

Case: 09-05330    Doc# 12    Filed: 02/03/10    Entered: 02/03/10 17:10:42    Page 3 of 4

Answer to Adversary Complaint

that Plaintiffs' claims are barred as Plaintiffs failed to exercise reasonable care and diligence to mitigate Plaintiffs' alleged damages. Defendants allege damages and interest would have been avoided if the Plaintiffs had diligently attempted to mitigate damages, if any, immediately after incurring the same.

**FIFTH AFFIRMATIVE DEFENSE**

As a fifth, separate and affirmative defense, the answering Defendants allege that Plaintiffs' claims are barred by Plaintiffs' conduct under principles of waiver and estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

As a sixth, separate and affirmative defense, the answering Defendants allege that the Plaintiffs are barred from recovering on any of their claims as any alleged loss was an assumed risk undertaken by Plaintiffs.

**SEVENTH AFFIRMATIVE DEFENSE**

As a seventh, separate and affirmative defense, the answering Defendants allege that the Plaintiffs are barred from recovering on any of their claims as any alleged reliance was not reasonable nor justified.

Dated: February 2, 2010                         LAW OFFICES OF DAVID A. BOONE


By: /s/ *Susan B. Luce*
    Susan B. Luce
    Attorney for Defendants/Debtors